**RIVER FLEETS, INC., Appellant,**

v.

**Sam CARTER, Chairman, Board of Trustees, Petroleum Storage Tank Insurance Fund, and Janette Lohmann, Director, Department of Revenue, Respondents.**

**No. WD 55753.**

Missouri Court of Appeals,
Western District.

Feb. 23, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1999.

Application to Transfer Denied
June 1, 1999.

**76**

Fernando Bermjudez, Stephen G. Jeffery, St. Louis, for Appellant.

Timothy P. Duggan, Jefferson City, for Respondent.

Before RIEDERER, P.J.,
LOWENSTEIN and LAURA DENVIR
STITH, JJ.

ALBERT A. RIEDERER, Judge.

This is an appeal from the Circuit Court's judgment dismissing Appellant's petition and ruling that Appellant's claim for interest on the refund of fees erroneously collected under § 319.132.1 was barred by sovereign immunity. Because we find that Appellant's claim for interest is not barred by sovereign immunity, the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

## Factual and Procedural History

Appellant operates a barge fleeting and midstream refueling facility located on the Mississippi River. All fuel maintained by the company originates from outside Missouri and is received and stored in fuel storage barges which float on the river. Between November, 1991, and September, 1993, Appellant paid $92,216.63 in surcharges imposed by § 319.132.1, RSMo Supp.1991, for deposit into the underground storage tank insurance fund established by

§ 319.129, RSMo Supp.1989. Appellant did not own underground storage tanks and could not participate in the insurance

fund during this period. The statute does not provide for paying the surcharges under protest, and Appellant neither paid the surcharges under protest nor protested the surcharges.

On November 22, 1995, Appellant submitted to the Missouri Department of Revenue ("DOR") a request for a refund of the $92,216.63 in fees paid into the fund. The DOR forwarded the refund request to the Missouri Department of Natural Resources ("DNR"). The DNR then requested certain factual information, and Appellant provided that information to DNR by letter dated January 11, 1996.

In 1996, the Missouri General Assembly amended Chapter 319, replacing the underground storage tank insurance fund with the petroleum storage tank insurance fund and creating a board of trustees to manage the new fund. Appellant resubmitted its request for a refund to the new board of trustees in February, 1997. On June 19, 1997 the board approved the refund request but denied a request for interest on the refunded fees.

Appellant filed a declaratory judgment action to recover the refund and interest. Respondent argued in its answer that the refund issue was moot and that the claim for interest was barred by sovereign immunity. Appellant filed a motion for summary judgment, and Respondent answered it. On December 15, 1997, the Circuit Court denied the motion for summary judgment and issued findings of fact, conclusions of law and final judgment and order dismissing the petition. The Circuit Court determined that the claim for the refund was moot and that the claim for interest was barred by sovereign immunity. This appeal was originally lodged in the Supreme Court and was transferred to this court.

## Standard of Review

On review of the dismissal of Appellant's petition for failure to state a claim, we accept as true all facts properly pleaded and all reasonable inferences

therefrom. *Dreon v. City of St. Louis Municipal Library District,* 780 S.W.2d 60, 61 (Mo.App.1989). If any set of facts would, if proven, entitle the plaintiff to relief, the dismissal of the petition was error. *Id.*

## I.

■ The sole issue in this case is whether Appellant's claim for interest, based upon the refund of fees erroneously collected by the underground storage tank insurance fund, is barred by sovereign immunity.

Appellant originally paid into the insurance fund a surcharge assessed under § 319.132.1, which provided: "All revenue generated by the assessment of such surcharges shall be deposited to the credit of the special trust fund known as the underground storage tank insurance fund." At that time, § 319.129.1 and § 319.129.3 RSMo 1991 provided in part:

1. There is hereby created a special trust fund to be known as the "Underground Storage Tank Insurance Fund" within the state treasury. Moneys in such special trust fund shall not be deemed to be state funds. Notwithstanding the provisions of section 33.080, RSMo, to the contrary, moneys in the fund shall not be transferred to general revenue at the end of each biennium.

3. ... Interest earned shall be credited to the underground storage tank insurance fund.

The issue in this case was foreseen in *Reidy Terminal v. Director of Revenue,* 898 S.W.2d 540 (Mo. banc 1995). In *Reidy,* the Missouri Supreme Court held that "the fee imposed by Section 319.132.1 is a fee, not a tax" and that § 319.132.1 was unconstitutional as applied to Reidy. *Id.* at 542—43. The court also affirmed the decision of the AHC that the DOR has authority to refund monies improperly paid into the underground storage tank insurance fund. *Id.* The Court noted, "Reidy did not raise as an issue the failure of the AHC to award interest." *Id.* Accordingly, the Court did not reach the issue of whether interest could be paid on the fees collected improperly under § 319.132.1. In the present case we must determine the relatively narrow issue of whether Appellant's claim to interest on the refunded money is barred by sovereign immunity.

Appellant argues that the trial court erred in ruling that the underground storage tank insurance fund is an asset of the State and is therefore protected by sovereign immunity and that, because of sovereign immunity, no interest can be paid unless there is a statute authorizing that payment of such interest. It is well established in Missouri that the State cannot be sued without its express consent. Among the numerous cases supporting this well settled proposition is *Beatty v. Metropolitan St. Louis Sewer District,* 914 S.W.2d 791, 796 (Mo. banc 1995), which provides: "The right of the sovereign to immunity from suit has long been recognized in Missouri. It applies to tax moneys collected by the state." Of course, it is settled that the surcharges involved here are not taxes but rather fees. *Reidy,* 898 S.W.2d at 542. Thus, just as sovereign immunity did not prevent the refund of fees improperly collected in *Reidy,* it would not prevent the refund of the interest earned on those fees.

The language of the statutes involved here supports this conclusion. First, the moneys in the special trust fund consisting of the fees are " not ... deemed to be state funds." § 319.129.1. They are "nonstate funds." Mo. Const. Art IV, Section 15. Section 15 provides: "The department of revenue shall take custody of and invest nonstate funds as defined herein ... All revenue collected and moneys received by the department of revenue which are nonstate funds ... shall be promptly credited to the fund provided by law for that type of money ... As used in this section, the term 'nonstate funds' shall include ... all other moneys which are hereafter designated as 'nonstate funds' to be administered by the department of revenue." The fees paid under § 319.132 are "other moneys ... designated as 'nonstate' funds to be administered by the DOR." Second,

Chapter 319 provides that "moneys in the fund shall not be transferred to general revenue at the end of each biennium." § 319.129.1. Since moneys in the general revenue fund of the State must be so transferred, § 33.080, this distinction marks a clear delineation between the general revenue of the state and this "special trust fund." Third, § 319.131.4 provides that "the liability of the . . . fund is not the liability of the state of Missouri." If the fund's liability is not the liability of the state of Missouri, then, ipso facto, the State's immunity from liability does not apply. These statutory and constitutional provisions lead inexorably to the conclusion that the fees paid by Appellant are non state funds and are not protected by sovereign immunity.

Accepting as true all the facts pleaded by Appellant, we hold that the payment of interest on the refund of fees wrongfully collected under § 310.129.1 is not prohibited by sovereign immunity. The judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

LOWENSTEIN and LAURA DENVIR STITH, JJ., concur.