**PUBLIC WATER SUPPLY DISTRICT NO. 5 OF JEFFERSON COUNTY, Missouri, Appellant,**

v.

**CITY OF DeSOTO, Missouri, Respondent.**

No. ED 75480.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 7, 1999.

Louis J. Weber, Hillsboro, for appellant.

Nicholas G. Gasaway Jr., Hillsboro, for respondent.

LAWRENCE E. MOONEY, Judge.

Plaintiff Public Water Supply District No. 5 of Jefferson County, MO, ("Water District") appeals the trial court's dismissal of its petition that sought to permanently enjoin Defendant City of DeSoto from extending water service to recently annexed parcels of land without complying with the requirements of section 247.170 RSMo (1994).[1] According to the Water District, the trial court erred in dismissing

its petition as moot because the trial court ignored the allegedly mandatory detachment requirements of section 247.170, and instead allowed the detachment to occur pursuant to section 247.031. We affirm.

In June 1997 and April 1998, the City of DeSoto voluntarily annexed 12.819 and 6.84 acres of land, owned by Floyd and Yvonne Allen ("Landowners"). Although the annexed land was located within the boundaries and service area of the Water District, the tracts of land were at all times vacant, unimproved, and producing no revenue for the Water District. On May 20, 1998, the Water District filed suit against the City of DeSoto, seeking to permanently enjoin "Defendant from extending water mains and water service into the ... [two voluntarily annexed tracts] without first complying with the provisions of section 247.170 RSMo ...". Section 247.170 established procedures whereby land annexed by a city, which was included in a water district, may be detached from the water district ninety days after the annexation if the city and the district are unable to agree upon a service, lease or sale agreement.

Acting independently, Landowners filed a petition for detachment of their annexed land from the Water District pursuant to section 247.031. Section 247.031 provides a mechanism by which a landowner can seek to detach from a water district territory included in such district but not being served by the district, so long as there are no outstanding obligation bonds. Water District board members filed objections to Landowner's section 247.031 detachment petition.

Landowners' detachment action was tried on October 7, 1998, and the trial court approved the detachment. Following the trial court's ruling in the Landowners' detachment action, the City of DeSoto filed its motion in this action to dismiss the Water District's petition for injunctive relief as moot because the land had already

---

1. All statutory references are to RSMo. (1994), unless otherwise indicated.

been detached by Landowners pursuant to section 247.031. The trial court sustained the City of DeSoto's motion to dismiss, and the Water District filed this timely appeal.

In its sole point on appeal, the Water District argues that the trial court erred in dismissing its petition for injunctive relief as moot in that the trial court ignored the allegedly mandatory detachment provisions of section 247.170, and instead allowed detachment to occur from the Water District pursuant to the less stringent detachment requirements set forth in section 247.031. We disagree.

A case is moot when some event occurs making it impossible for the reviewing court to grant relief. *In re Marriage of Cross v. Cross*, 815 S.W.2d 65, 66 (Mo. App. E.D.1991); *Humphrey v. Humphrey*, 362 S.W.2d 92 (Mo.App. E.D.1962). Missouri courts do not determine moot cases. *Cross*, 815 S.W.2d at 66. On appeal of the Landowners' detachment action, our Court decided in *Allen v. Public Water Supply District No. 5 of Jefferson County, Mo.*, 7 S.W.3d 537, 540 (Mo.App. E.D.1999), that section 247.170 does not preclude landowners from exercising their statutory rights to detach their land pursuant to section 247.031. Thus, a lawful detachment having occurred, the Water District's petition that the City of DeSoto must comply with section 247.170 to secure detachment of the same parcels of land is moot. Therefore, the trial court did not err in granting the City of DeSoto's motion to dismiss the Water District's petition for permanent injunction.

We affirm.

RICHARD B. TEITELMAN, P.J., and CLIFFORD H. AHRENS, J., concur.