**CLIENT SERVICES, INC.,**
**Plaintiff/Respondent,**

v.

**MISSOURI COORDINATING BOARD**
**FOR HIGHER EDUCATION,**
**Defendant/Appellant.**

**No. ED 77300.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Sept. 26, 2000.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 2, 2000.

Susan D. Boresi, Deputy Chief Counsel, St. Louis, for appellant.

Richard H. Edwards, Brian Lee Harvell, Edwards, Singer, Watkins & Sponeman, Clayton, for respondent.

KATHIANNE KNAUP CRANE, Judge.

In this case we reverse the trial court's award of attorney's fees to a plaintiff in an injunction and declaratory judgment action against a state agency, which arose out of a contract dispute, because a trial court has no authority to assess attorney's fees against the state in the absence of an express statute.

Plaintiff, Client Services, Inc., is a Missouri corporation engaged in the collection of accounts and debts. Defendant, The Missouri Coordinating Board for Higher Education (the Board), is a state agency created pursuant to Article IV, Section 52 of the Missouri Constitution. An agent of defendant contracted with plaintiff in 1990 to collect certain delinquent student loans for the federal government.

In 1999 the parties became involved in a dispute about their rights and duties under this contract, and plaintiff filed a petition seeking injunctive relief and declaratory judgment against the Board. After the trial court entered a temporary restraining order against the Board and its agent, the parties entered into a consent judgment, which resolved all of the disputed issues except plaintiff's claim for its attorney's fees in the action. The parties submitted this claim to the trial court. The plaintiff sought attorney's fees under Section 527.100 RSMo (1994), claiming very unusual circumstances, and under Section 536.087 RSMo (1994), claiming that its lawsuit was an agency proceeding or a civil action arising therefrom. The trial court found that the Board's action triggering the lawsuit was not sanctioned by contract and was not justified. It awarded $9,168.75 in attorney's fees to plaintiff pursuant to Section 527.100.

On appeal, the Board contends that the trial court had no authority to award attorney's fees because the Board is a state agency and attorney's fees may be awarded against the state only when authorized by an express statute. It further argues that Section 527.100 does not provide that authority. Plaintiff has not filed a brief in this court. We agree with the Board.

■ It is well-settled that attorney's fees are not assessable as costs against the state in the absence of a statute that explicitly provides for such assessment. *Baumli v. Howard County*, 660 S.W.2d 702, 705 (Mo. banc 1983); *In Interest of K.P.B.*, 642 S.W.2d 643, 645 (Mo. banc 1982); *Labor's Educ. and Political Club Indep. v. Danforth*, 561 S.W.2d 339, 350 (Mo. banc 1977); *Missouri Hosp. Ass'n v. Air Conservation Comm'n*, 900 S.W.2d 263, 267 (Mo.App.1995).

■ The Missouri Declaratory Judgment Act, Section 527.100 RSMo, which permits a trial court to "make such award of costs as may seem equitable and just," does not give the trial court express authority to award attorney's fees or other costs against the state. *Baumli*, 660 S.W.2d at 705; *Danforth*, 561 S.W.2d at 350.

■ Section 536.087, on which plaintiff also relied in the trial court, expressly permits an award of attorney's fees against the state, but applies only to "an agency proceeding or civil action arising therefrom...." "Agency" is "any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases." Section 536.010(1). This proceeding, in which plaintiff only sought relief in the circuit court, and not before an administrative officer or body, was not an agency proceeding or civil action arising therefrom.

The trial court erred in assessing attorney's fees against the state in this action. The judgment of the circuit court is reversed.

MARY K. HOFF, C.J. and ROBERT E. CRIST, Sr. J., concur.