**RIVER FLEETS, INC., Respondent,**

v.

**William CREECH, Chairman, Board of Trustees, Petroleum Storage Tank Insurance Fund, in his Official Capacity, and Quentin Wilson, Director, Missouri Department of Revenue, in his Official Capacity, Appellant.**

**No. WD 58611.**

Missouri Court of Appeals,
Western District.

Feb. 13, 2001.

Timothy P. Duggan, Jefferson City, for appellant.

James W. Erwin, St. Louis, for respondent.

Before SMART, Presiding Judge, ELLIS, Judge and LAURA DENVIR STITH, Judge.

ELLIS, Judge.

Appellants William H. Creech, III, Chairman of the Board of Trustees of the Petroleum Storage Tank Insurance Fund, and Quentin Wilson, Director of the Missouri Department of Revenue, appeal from a judgment and order entered in the Circuit Court of Cole County awarding attorneys' fees and costs to Respondent River Fleets, Inc. pursuant to § 536.050.[1] The award of attorneys' fees and costs was entered after this Court reversed and remanded the trial court's original judgment in this matter in *River Fleets, Inc. v. Carter,* 990 S.W.2d 75 (Mo.App. W.D.1999), and the parties entered into a consent judgment regarding the remaining issues in the case.

---

1. All statutory references are to RSMo Cum. Supp. 1999 unless otherwise noted.

In setting forth the facts of this case, both parties rely almost entirely on the facts outlined in this Court's previous decision:

[River Fleets] operates a barge fleeting and midstream refueling facility located on the Mississippi River. All fuel maintained by the company originates from outside Missouri and is received and stored in fuel storage barges which float on the river. Between November, 1991, and September, 1993, [River Fleets] paid $92,216.63 in surcharges imposed by § 319.132.1, RSMo Supp. 1991, for deposit into the underground storage tank insurance fund established by § 319.129, RSMo Supp. 1989. [River Fleets] did not own underground storage tanks and could not participate in the insurance fund during this period. The statute does not provide for paying the surcharges under protest, and [River Fleets] neither paid the surcharges under protest nor protested the surcharges.

On November 22, 1995, [River Fleets] submitted to the Missouri Department of Revenue ("DOR") a request for a refund of the $92,216.63 in fees paid into the fund. The DOR forwarded the refund request to the Missouri Department of Natural Resources ("DNR"). The DNR then requested certain factual information, and [River Fleets] provided that information to DNR by letter dated January 11, 1996.

In 1996, the Missouri General Assembly amended Chapter 319, replacing the underground storage tank insurance fund with the petroleum storage tank insurance fund and creating a board of trustees to manage the new fund. [River Fleets] resubmitted its request for a refund to the new board of trustees in February, 1997. On June 19, 1997 the board approved the refund requested but denied a request for interest on the refunded fees.

[Later that day, River Fleets] filed a declaratory judgment action to recover the refund and interest. Respondent argued in its answer that the refund issue was moot and that the claim for interest was barred by sovereign immunity. [River Fleets] filed a motion for summary judgment, and [the chairman of the board of trustees] answered it. On December 15, 1997, the Circuit Court denied the motion for summary judgment and issued findings of fact, conclusions of law and final judgment and order dismissing the petition. The Circuit Court determined that the claim for the refund was moot and that the claim for interest was barred by sovereign immunity.

*Id.* at 76. On appeal, this Court found that sovereign immunity did not provide any protection from River Fleets' claim for interest. *Id.* at 77–78. We reversed and remanded the case for further proceedings consistent with that opinion. *Id.* at 78.

On remand, the parties agreed to the entry of a consent judgment under which River Fleets would be paid the interest on the $92,216.63 by September 30, 1999. In conjunction with the consent judgment, River Fleets executed a release acknowledging settlement of all its claims, except for any claim for attorneys' fees under § 536.050. The Circuit Court found that it had jurisdiction over the matter and approved the consent judgment.

Subsequently, River Fleets filed an "Application For Award Of Attorneys' Fees And Expenses." River Fleets also requested a declaration that the fees and expenses be paid from the State Legal Expense Fund. Appellants filed suggestions in opposition to an award of attorneys' fees and a motion to dismiss for lack of subject matter jurisdiction. River Fleets then filed a response to the motion to dismiss.

After conducting a hearing on the motions, the Circuit Court denied Appellants' motion to dismiss and granted River Fleets' application for attorneys' fees. The Circuit Court awarded River Fleets $38,782.00 in attorneys' fees and $868.15 in

costs and ordered that those fees be paid from the State Legal Expense Fund. Appellants bring three points on appeal.

In their first point, Appellants claim the trial court erred in awarding attorneys' fees to River Fleets under § 536.050 because that statute allows attorneys' fees to be awarded only where a declaratory judgment is obtained relating to the validity of an agency rule or the threatened application thereof. Appellants argue that, because the case never involved a determination related to the validity of any agency rule or the application of such a rule, no award of attorneys' fees was appropriate under that section.

Section 536.050.8 sets forth the standard of review for an appellate court reviewing an award of attorneys' fees and/or expenses under § 536.050. That subsection states that an appellate court "may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the court's jurisdiction." § 536.050.8.

■ "[A] trial court has no authority to assess attorney's fees against the state in the absence of an express statute." *Client Services, Inc. v. Missouri Coordinating Bd. for Higher Educ.*, 30 S.W.3d 194, 195 (Mo.App. E.D.2000). River Fleets claims that it was entitled to an award of attorneys' fees under § 536.050.3.

Section 536.050.3 provides that "[a] non-state party who prevails in an action brought pursuant to subsection 1 of this section shall be awarded reasonable fees and expenses, as defined in section 536.085, incurred by that party in the ac-

tion." Subsection 1 states that "[t]he power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of rules, or of threatened applications thereof, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented." § 536.050.1. Accordingly, in order to qualify as an action under § 536.050.1 and to be entitled to attorneys' fees and costs under § 536.050.3, a case must involve a declaratory judgment addressing a challenge to either (1) the validity of a regulatory rule or (2) the threatened application of such a rule.

In its petition for declaratory relief, River Fleets alleged that "the fee imposed by § 319.132.1 and 10 CSR 20–12.020 on [River Fleets], where [River Fleets] is absolutely ineligible to receive any benefit from either the Underground Storage Tank Insurance Fund or the Petroleum Storage Tank Insurance Fund, violates the Commerce Clause, Article I, § 8, of the United States Constitution." Accordingly, River Fleets did attempt to assert a claim challenging the validity of the application of an agency rule to it.

■ However, in its original judgment, the Circuit Court found that River Fleets' claim regarding the constitutionality of applying § 319.132.1 and 10 CSR 20–12.020 to River Fleets was rendered moot because Appellants had admitted that River Fleets should not have been required to pay the fees and had returned that money to River Fleets.[2] River Fleets did not challenge the Circuit Court's finding that this claim was moot in its appeal from that judgment. *River Fleets, Inc.*, 990 S.W.2d at 76. In that appeal, River Fleets focused solely on the Circuit Court's finding

---

2. When River Fleets filed its declaratory judgment action, Appellants had already acknowledged that the rule had been improperly applied to River Fleets and stated their intent to refund the $92,216.63. River Fleets' petition

even stated that the Board of Trustees of the Petroleum Storage Tank Insurance Fund had already approved the reimbursement of the $92,216.63.

that any claim for interest was barred by sovereign immunity. *Id.*

■ Missouri Courts do not determine moot causes of action. *Public Water Supply Dist. No. 5 of Jefferson County v. City of DeSoto,* 8 S.W.3d 206, 208 (Mo.App. E.D.1999). " 'A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy.' " *C.C. Dillon Co. v. City of Eureka,* 12 S.W.3d 322, 325 (Mo. banc 2000) (quoting *Bank of Washington v. McAuliffe,* 676 S.W.2d 483, 487 (Mo. banc 1984)).

■ A cause of action is rendered moot when an event occurs making it impossible for the court to grant relief. *Public Water Supply Dist. No. 5,* 8 S.W.3d at 208. In order to grant a declaratory judgment, a trial court must have a justiciable controversy before it. *Akin v. Director of Revenue,* 934 S.W.2d 295, 298 (Mo. banc 1996). " 'A justiciable controversy exists where the plaintiff has a legally protectable interest at stake, a substantial controversy exists between parties with genuinely adverse interests, and that controversy is ripe for judicial determination.' " *Blue Cross & Blue Shield of Kansas City, Inc. v. Nixon,* 26 S.W.3d 218, 223 (Mo.App. W.D.2000) (quoting *Missouri Health Care Ass'n v. Attorney General of the State of Missouri,* 953 S.W.2d 617, 620 (Mo. banc 1997)). "The petition must present a 'real, substantial, presently existing controversy admitting of specific relief as distinguished from an advisory or hypothetical situation.' " *Akin,* 934 S.W.2d at 298 (quoting *City of Jackson v. Heritage Savings & Loan Ass'n,* 639 S.W.2d 142, 144 (Mo.App. E.D.1982)). In the case at bar, no disagreement existed between the parties regarding the application of § 319.132.1 and 10 CSR 20–12.020 to River Fleets. At the time the petition was filed, Appellants had already acknowledged that those provisions had been improperly applied to River Fleets and had agreed to refund the fees

that had already been paid. Accordingly, no justiciable controversy existed between the parties, and River Fleets' cause of action challenging the application of § 319.132.1 and 10 CSR 20–12.020 was moot.

■ The only actual controversy existing between the parties in the underlying action related to whether Appellants should be required to pay interest on the $92,216.63. In pleading that claim, River Fleets alleged that Appellants were unjustly enriched by retaining any interest earned on the fees being returned to it.

The trial court originally denied this claim for unjust enrichment, finding that sovereign immunity barred River Fleets' claim for interest. On appeal, this Court held that River Fleets' recovery of interest was not barred by the principles of sovereign immunity, and we remanded the case back to the trial court. On remand, the parties agreed to a consent judgment in favor of River Fleets on its claim for interest. Accordingly, River Fleets is considered to have prevailed at trial on its claim of unjust enrichment. *See, Lett v. City of St. Louis,* 24 S.W.3d 157, 164 (Mo.App. E.D.2000) (indicating that a party may prevail by obtaining an enforceable judgment or comparable relief through a consent decree or settlement); *See also* § 536.085(3) RSMo 1994 (defining "prevails" as "obtain[ing] a favorable order, decision, judgment, or dismissal in a civil action or agency proceeding").

■ However, the judgment rendered in favor of River Fleets was not based upon a cause of action challenging the validity or application of a regulatory rule. The judgment was entered on River Fleets' equitable claim of unjust enrichment. That cause of action did not assert a challenge to the validity or application of a rule or statute and therefore did not constitute a claim under § 536.050.1.

River Fleets' only cause of action falling under Section 536.050.1 was its claim chal-

814

lenging the application of § 319.132.1 and 10 CSR 20–12.020 with regard to its payment of fees. The trial court never entered a declaratory judgment relating to the validity or application of any rule or regulation as a result of that cause of action and properly found that claim to be moot. Given that resolution of the cause of action, River Fleets cannot be deemed to have prevailed in its Section 536.050.1 claim, and River Fleets cannot properly recover its attorneys' fees and expenses under § 536.050.3. The trial court lacked statutory authority to award River Fleets attorneys' fees and expenses under § 536.050.3, and that award must be reversed. *Client Services, Inc.*, 30 S.W.3d at 195.

Because we find the circuit court lacked authority to enter an award of attorneys' fees and expenses under § 536.050.3, we need not address Appellants' remaining points challenging the excessive nature of the hourly rate utilized by the trial court in calculating the attorneys' fees and the trial court's order that the fees and expenses be paid from the State Legal Expense Fund.

The Circuit Court's award of attorneys' fees and expenses is reversed.

All concur.