v.

MISSOURI DENTAL BOARD,
Respondent.

No. WD 60140.

Missouri Court of Appeals,
Western District.

May 14, 2002.

---

Richard T. Merker, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Alana M. Barragan–Scott, Asst. Attorney General, Jefferson City, for respondent.

Before JOSEPH M. ELLIS, Presiding Judge, EDWIN H. SMITH, Judge and VICTOR C. HOWARD, Judge.

JOSEPH M. ELLIS, Judge.

Appellant V.M.B. appeals from the order of the trial court denying his application for attorney's fees arising from litigation against the Missouri Dental Board ("Dental Board").

V.M.B. is a dentist who practices in Missouri. The Dental Board is a state agency created pursuant to § 332.021[1] with the authority under § 332.031 to promulgate rules pursuant to § 536.024 of the Missouri Administrative Procedure Act ("MAPA"). The Dental Board is responsible for the licensure of dentists wishing to practice in Missouri.

In February 1980, prior to filing an application to practice dentistry in Missouri, V.M.B. was convicted in Johnson County, Kansas, of felony possession of cocaine and misdemeanor possession of marijuana. V.M.B. was granted bench probation for three years and ordered to pay a $5,000 fine. He successfully completed probation.

In 1983, V.M.B. submitted a licensure application to the Missouri Dental Board. When he completed the application, V.M.B. did not respond to the following question, "I have never been charged with a felony or misdemeanor involving moral turpitude, except as follows[ ]." He stated that, in preparing the application, he had consulted with an attorney who advised him that the drug offenses were not crimes of moral turpitude under Kansas law.

The Dental Board granted V.M.B. a license. When the Dental Board learned about V.M.B.'s convictions, it pursued disciplinary action against him. The parties entered a consent agreement in which V.M.B. admitted that he was convicted of felony possession of cocaine and misdemeanor possession of marijuana and that he did not reveal the convictions on his application for a Missouri license. As part of the agreement, V.M.B. was placed on five years probation during which he agreed to submit to random urinalysis. V.M.B. completed his probation in 1991. In 1994, V.M.B. obtained an Order of Expungement from the District Court of Johnson County, Kansas, expunging his convictions.

In May or June of 1997, Blue Cross/Blue Shield of Kansas City asked the Dental Board for verification that V.M.B. was licensed in Missouri. The Dental Board sent a memo dated June 2, 1997, which stated that V.M.B. had been publicly disciplined, was convicted of felony possession of cocaine and misdemeanor possession of marijuana, had failed to reveal the convictions on his licensure application, and had been placed on five years probation. Blue Cross/Blue Shield later notified V.M.B. that, because of the drug convictions, he would not be eligible for credentials by the

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

company. In December 1997, V.M.B.'s attorney sent a letter to the Dental Board asking the board to stop giving out such information and to retract the statement given to Blue Cross/Blue Shield. The letter stated that the information was untrue because the drug convictions were not crimes of moral turpitude under Kansas law. In addition, the letter stated that Kansas law authorized V.M.B. to state that he had never been convicted of the drug offenses because they were expunged. The Dental Board refused to retract the statement.

V.M.B. sought damages based on claims of negligence, tortious interference with plaintiff's contractual rights and libel, as well as claims for declaratory relief and an injunction. On April 30, 1999, the trial court dismissed V.M.B.'s petition, finding that it was barred by sovereign immunity. V.M.B. filed a notice of appeal with this Court on June 7, 1999. On July 8, 1999, this Court granted V.M.B.'s motion to proceed using Appellant's initials in the case name. On September 22, 1999, we reversed and remanded the case as to the claims for declaratory judgment and injunction.

Subsequently, the parties filed cross motions for summary judgment. On May 24, 2000, the Circuit Court of Cole County entered a judgment stating that V.M.B.'s drug convictions were expunged on May 3, 1994. In addition, the court determined that the Dental Board "must give full faith and credit to the Order of Expungement." The judgment permanently enjoined the Dental Board "from advising any person or agency whatsoever that the plaintiff has been convicted of the felony possession of cocaine or misdemeanor possession of marijuana" and from providing written or oral documentation regarding the convictions. The trial court did not rule on the portion

of V.M.B.'s summary judgment motion requesting attorney's fees.

On July 24, 2000, the court denied the Dental Board's Motion to Vacate Judgment and granted the Dental Board's Motion to Amend Judgment regarding matters not relevant to this case. Subsequently, V.M.B. filed a motion for attorney's fees. V.M.B.'s attorney submitted an affidavit stating that V.M.B.'s attorney's fees to date were $21,327.50 and the costs of litigation were $1,599.80. On January 25, 2001, the motion was denied by docket entry. V.M.B. filed a Motion to Reconsider. On April 26, 2001, the court entered an order denying the motion, stating, "this case does not fall under any provisions of Chapter 536, RSMo that would authorize the award of fees." Following V.M.B.'s motion, a final judgment was entered June 14, 2001. This appeal follows.

■ As a preliminary matter, V.M.B. claims in the argument section of his brief that the trial court was required to include findings and conclusions in its judgment but failed to do so. As noted by V.M.B., § 536.050.7 provides that "[t]he decision of a court on the application for reasonable fees and expenses shall be in writing, separate from the judgment or order of the court which determined the prevailing party, and shall include written findings and conclusions and the reason or basis therefor." V.M.B. did not raise this issue in his point relied on or develop the argument further.

■ Rule 84.04(e) states that the argument section of the brief "shall be limited to those errors included in the 'Points Relied On.' " See Ashworth v. City of Moberly, 53 S.W.3d 564, 578 n. 5 (Mo.App. W.D.2001). We are not required on appeal to address arguments not made in the point relied on. State v. Dudley, 51 S.W.3d 44, 53 (Mo.App. W.D.2001). "Is-

sues raised only in the argument portion of the brief are not preserved for review." *Boatmen's Bank of S. Mo. v. Foster,* 878 S.W.2d 506, 509 n. 4 (Mo.App. S.D.1994). Accordingly, we decline to address the issue.

In his first point on appeal, V.M.B. argues that the trial court erred in denying his motion for attorney's fees and costs because § 536.050(3) states that a nonstate party prevailing in an action brought under subsection 1 of the statute shall be awarded reasonable fees and expenses. V.M.B. contends that he prevailed under subsection 1 of the statute because the court granted his request for declaratory and injunctive relief.

Section 536.050.8 sets forth the standard of review applicable to appeals from § 536.050 requests for attorney's fees. § 536.050.8; *River Fleets, Inc. v. Creech,* 36 S.W.3d 809, 812 (Mo.App. W.D.2001). It provides, in relevant part:

> The court may modify, reverse or reverse and remand the determination of fees and other expenses if the court finds that the award or failure to make an award of fees and other expenses, or the calculation of the amount of the award, was arbitrary and capricious, was unreasonable, was unsupported by competent and substantial evidence, or was made contrary to law or in excess of the court's jurisdiction.

§ 536.050.8.

■ It is well-settled that a trial court may not assess attorney's fees against the state in the absence of statutory authority. *McGhee v. Dixon,* 973 S.W.2d 847, 849 (Mo. banc 1998); *River Fleets,* 36 S.W.3d at 812. V.M.B. claims that § 536.050.3 grants authority for his claim. That section provides: "A nonstate party who prevails in an action brought pursuant to subsection 1 of this section shall be awarded reasonable fees and expenses, as defined in section 536.085,[2] incurred by that party in the action." § 536.050.3; *River Fleets,* 36 S.W.3d at 812. Subsection 1 states, "The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of rules, or of threatened applications thereof, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented." § 536.050.1; *River Fleets,* 36 S.W.3d at 812. Accordingly, a party is only entitled to attorney's fees and costs under § 536.050.3 if the case qualifies as an action under § 536.050.1, which means the case "must involve a declaratory judgment addressing a challenge to either (1) the validity of a regulatory rule or (2) the threatened application of such a rule." *River Fleets,* 36 S.W.3d at 812.

■ "Rule" is defined in § 536.010.4 as "each agency statement of general applicability that implements, interprets, or prescribes law or policy, or that describes the organization, procedure, or practice re-

---

2. Section 536.085(4) states:

"Reasonable fees and expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court or agency to be necessary for the preparation of the party's case, and reasonable attorney or agent fees. The amount of fees awarded as reasonable fees and expenses shall be based upon prevailing market rates for the kind and quality of the services furnished, except that no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the state in the type of civil action or agency proceeding, and attorney fees shall not be awarded in excess of seventy-five dollars per hour unless the court determines that a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

quirements of any agency." § 536.010.4; *Mo. State Div. of Family Servs. v. Barclay,* 705 S.W.2d 518, 521 (Mo.App. W.D. 1985). "[A] rule is '[a]n agency statement of policy or interpretation of law of future effect which acts on unnamed and unspecified persons or facts.'" *Branson R–IV Sch. Dist. v. Labor & Indus. Relations Comm'n,* 888 S.W.2d 717, 720 (Mo.App. S.D.1994) (quoting *Missourians for Separation of Church & State v. Robertson,* 592 S.W.2d 825, 841 (Mo.App.1979)). "To be valid, rules must be promulgated according to the rulemaking procedures set out in §§ 536.021 and 536.025." *Baugus v. Dir. of Revenue,* 878 S.W.2d 39, 42 (Mo. banc 1994). In contrast to a rule, a decision " 'includes an agency order whether negative or affirmative in form (§ 536.010(3)) on specific facts.'" *Mo. Health Care Ass'n v. Mo. Dept. of Soc. Servs.,* 851 S.W.2d 567, 569 (Mo.App. W.D.1993) (quoting *State ex rel. Goldberg v. Darnold,* 604 S.W.2d 826, 831 (Mo.App. W.D.1980)) (emphasis omitted). The application of a rule to a specific set of facts " 'promulgates a decision and not a rule.'" *Id.* at 570.

■ V.M.B. argues that the declaratory judgment involved a challenge to the threatened application of a rule because the Dental Board "ruled" that "it had a duty to disclose criminal convictions of licensees under the Missouri Sunshine Law." To support his argument, he cites the Dental Board's suggestions in support of their motion for summary judgment, in which the Dental Board asserted that, as a public governmental body under § 610.010(4) of the Missouri Sunshine Law, it had a duty to make certain records available to the public. The Dental Board stated that V.M.B.'s disciplinary agreement was an open public record according to § 610.021.

V.M.B.'s attempt to characterize the Dental Board's action as a "threatened application of a rule" is flawed for several reasons. First, the Dental Board's determination that V.M.B.'s disciplinary agreement was an open record pursuant to the Missouri Sunshine Law involves the application of a statute to a specific set of facts. Such action does not constitute rulemaking because it is not a general statement that "acts on unnamed and unspecified persons or facts." *Branson,* 888 S.W.2d at 720 (quoting *Missourians for Separation of Church & State,* 592 S.W.2d at 841).

Second, V.M.B. stated in his petition that the court was authorized to grant declaratory judgment pursuant to Rule 87.01 et. seq. He did not challenge any regulations promulgated by the Dental Board pursuant to MAPA, and he cites no regulations in his brief. In addition, V.M.B.'s petition did not assert a challenge to the Dental Board's interpretation of the Missouri Sunshine Law. Rather, the Dental Board asserted in its motion for summary judgment that the Missouri Sunshine Law provided it with a defense to V.M.B.'s claim. "That cause of action did not assert a challenge to the validity or application of a rule or statute and therefore did not constitute a claim under § 536.050.1." *River Fleets,* 36 S.W.3d at 813.

Finally, the trial court did not enter a judgment relating to whether or not the Missouri Sunshine Law required the Dental Board to treat V.M.B.'s disciplinary agreement as a public record. The trial court determined only that V.M.B.'s convictions were expunged pursuant to Kansas Law and that this Expungement Order was entitled to Full Faith and Credit by the Dental Board. In making this determination, the trial court did not interpret or apply any regulations promulgated by the Dental Board. The judgment in this case "was not based upon a cause of action challenging the validity or application of a regulatory rule." *Id.*

Because V.M.B.'s claim does not involve either a challenge to a regulatory rule or the threatened application of a rule, he is not entitled to attorney's fees under this section. Point denied.

In his second point, V.M.B. claims that the trial court erred in not awarding attorney's fees because § 536.087 authorizes fees to a prevailing party in a civil action arising from an agency action unless the State was "substantially justified." V.M.B. further argues that he prevailed because he obtained a judgment granting his claims for declaratory and injunctive relief and the State did not present evidence showing that it was substantially justified.

Section 536.087.1 states, " 'A party who prevails in an agency proceeding or civil action arising therefrom, brought by or against the state, shall be awarded those reasonable fees and expenses incurred by that party in the civil action or agency proceeding, unless the court or agency finds that the position of the state was substantially justified or that special circumstances make an award unjust.' " *Greenbriar Hills Country Club v. Dir. of Revenue*, 47 S.W.3d 346, 351 (Mo. banc 2001) (quoting § 536.087.1). The standard of review for this section is identical to the standard enunciated in § 536.050.8. § 536.087.7. Consequently, to recover attorney's fees under this provision, V.M.B. must show that he prevailed (1) "in an agency proceeding" or (2) a "civil action arising therefrom." § 536.087.1; *Client Servs., Inc. v. Mo. Coordinating Bd. for Higher Educ.*, 30 S.W.3d 194, 195 (Mo. App. E.D.2000).

 V.M.B. claims that the declaratory judgment is a civil action arising from an agency proceeding because it "arose from the Board's disciplinary proceedings against Plaintiff." V.M.B. is mistaken when he claims that the civil action arose from an agency proceeding. When a plaintiff involved in a dispute with an agency seeks relief in circuit court, and not before an administrative body, the proceeding does not arise under § 536.087. In *Client Services, Inc. v. Missouri Coordinating Board for Higher Education*, 30 S.W.3d 194 (Mo.App. E.D.2000), Client Services was a debt collection company that was hired by the board to collect delinquent student loan debt. *Id.* at 195. When a dispute arose under the contract between the parties, the company sued the board, seeking an injunction and declaratory relief. *Id.* On appeal, the court held that "[t]his proceeding, in which plaintiff only sought relief in the circuit court, and not before an administrative officer or body, was not an agency proceeding or civil action arising therefrom." *Id.*

 In the case at bar, there was never an administrative proceeding regarding the Dental Board's refusal to grant Full Faith and Credit to the Expungement Order. V.M.B. never challenged the "disciplinary proceedings" he refers to in his brief. In fact, in 1986, V.M.B. signed a consent agreement where he agreed to submit to five years probation. He then obtained the Expungement Order in 1994. In 1995, the Dental Board notified V.M.B. that a new statute, § 621.045.5, gave him the right to challenge the authority of the Board to impose discipline against him, if he did so within six months. V.M.B. never challenged the consent agreement.

In 1997, after the Dental Board revealed V.M.B.'s convictions to Blue Cross/Blue Shield, V.M.B. asked the Dental Board to withdraw the statements it had made to the company regarding his convictions. The Dental Board refused. V.M.B. then filed his petition seeking declaratory relief and an injunction, which the court granted. The Dental Board was not enjoined, however, from revealing that V.M.B. had been disciplined, only from disclosing the rea-

son, and V.M.B. did not challenge the discipline in his petition. The court's judgment also did not call into question the disciplinary action taken by the Dental Board; it only affected the Board's right to reveal the reason for his discipline, in light of an order issued by a Kansas judge. Accordingly, the civil action did not arise from an agency proceeding. Point denied.

In his third point, V.M.B. contends that the trial court erred in failing to award costs and attorney's fees because Rule 87.09 and § 527.100 allow attorney's fees where "unusual circumstances" are demonstrated. He further argues that the Dental Board had a "vendetta" against him because the Board failed to recognize the Kansas expungement order, refused to follow a Missouri statute requiring it to keep the information confidential, and refused to follow its policy that conforms to the statute.

The Missouri Declaratory Judgment Act, § 527.100, provides: "In any proceeding under sections 527.010 to 527.130 the court may make such award of costs as may seem equitable and just." § 527.100; *Client Services*, 30 S.W.3d at 195. Rule 87.09 also provides that trial courts may award costs in declaratory judgment proceedings when such an award would be "just and equitable." *City of Pacific v. Metro Dev. Corp.*, 922 S.W.2d 59, 65 (Mo. App. E.D.1996). The State argues that these provisions do not help V.M.B. because equity is not an exception to the rule requiring statutory authority before assessing attorney's fees against a state agency. The State is correct.

 Attorney's fees may not be assessed against the State unless a statute expressly provides the authority. *Client Services, Inc.*, 30 S.W.3d at 195. Section 527.100, which allows trial courts to award costs which appear "equitable and just," does not provide the trial court with express statutory authority to assess attorney's fees and costs against the state. *Id.* See also *Baumli v. Howard County*, 660 S.W.2d 702, 705 (Mo. banc 1983) (holding that § 527.100 did not provide the express statutory authority needed to assess attorney's fees against a county). The trial court was correct to refuse to assess attorney fees against the Dental Board in the absence of statutory authority providing for such assessment. Point denied.

The judgment is affirmed.

All concur.