Barbara BATES, and Diane Boyd, by and through her next friend, Barbara Bates, Plaintiff-Appellant,

v.

STATE of Missouri, Paul Ahr, John G. Solomon and John Twiehaus, Defendants-Respondents.

No. 45837.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 20, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1984.

Application to Transfer Denied March 20, 1984.

James F. Koester, St. Louis, for plaintiff-appellant.

Ruth A. Przybeck, Kevin Smith, St. Louis, for defendants-respondents.

SIMON, Presiding Judge.

Barbara Bates (appellant), the mother of the decedent, Diane Boyd, appeals from a dismissal of her cause of action by the Circuit Court of the City of St. Louis and a denial of a motion to amend her petition. Appellant's action was instituted against the State of Missouri and certain state officials (respondents) alleging negligence in the operation of its facility, the St. Louis Developmental Disability Treatment Center (SLDDTC), where the decedent was a patient for treatment. Appellant's petition alleges said negligence resulted in the assault and rape of the decedent. We affirm.

On appeal, appellant contends the trial court erred in granting respondents' motion to dismiss in that her petition: (1) properly stated a claim against the state based upon express exceptions to the doctrine of sovereign immunity contained in § 537.600(2) RSMo 1978; (2) properly stated a claim against the state's officials since the acts and omissions are non-discretionary and therefore beyond the protection of the doctrine of official immunity; (3) stated proper standing to sue respondents; (4) properly stated a claim for punitive damages; (5) alleged facts establishing proximate causation between respondents' conduct and decedent's injuries; and (6) alleged facts sufficient to state a claim against respondents. In a seventh point, appellant contends the trial court erred in denying her motion to amend her petition in order to bring the cause within the exceptions to sovereign and official immunity.

Our review of the sustention of the motion to dismiss for failure to state a

claim requires us to assume to be true the facts and reasonable inferences to be drawn therefrom as alleged in appellant's petition. *Light v. Lang,* 539 S.W.2d 795, 797[1, 2] (Mo.App.1976). Matters raised by respondents' motion to dismiss are not self proving, but must be supported by the petition or the transcript to be the basis for a dismissal. *Id.* at 797.

Appellant's petition contains allegations that respondents "carelessly and negligently" operated the facility by: (1) failing to have a sufficient number of employees to protect decedent's well-being; (2) failing to properly screen employees hired; (3) failing to supply adequate means of confinement; (4) failing to supervise decedent or respondents' employees; and (5) permitting male employees to intermingle with female patients.

■ Reviewing the first point, we conclude that appellant's petition fails to state a claim upon which relief can be granted. The doctrine of sovereign immunity in Missouri has been statutorily pronounced in § 537.600 RSMo 1978 following the decision in *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977). The state's immunity from negligence liability is the general rule and the exceptions to the rule are to be strictly construed. *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864, 868[11] (Mo. banc 1983). Appellant relies on the exception contained in § 537.600(2) RSMo 1978 which provides that sovereign immunity is waived where there are:

> "[I]njuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the condition or a public entity had actual or constructive notice of the dangerous con-

dition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition."

■ We find that the above exception is inapplicable to appellant's factual situation. The term "dangerous condition" does not apply to the criminal acts of third persons without an accompanying property defect. *Hayes v. State,* 113 Cal.Rptr. 599, 11 Cal.3d 469, 521 P.2d 855 (1974); *Sykes v. County of Marin,* 43 Cal.App.3d 158, 117 Cal.Rptr. 466 (1974); *see also, Twente v. Ellis Fischel State Cancer Hospital, et al.,* 665 S.W.2d 2, 12 (Mo.App.1983). Here, decedent was assaulted and raped by someone in the mental facility. A specific property defect is not pleaded. An intervening criminal act without any contributing property defect is not enough. *Hayes* and *Sykes,* supra. Accordingly, appellant has failed to state a claim against the State of Missouri.

In her second point, appellant contends the petition properly stated a cause of action against the respondent officials in that the acts and omissions are non-discretionary and, therefore, beyond the protection of the doctrine of official immunity. The individual respondents include Paul Ahr, the Director of the Department of Mental Health of the State of Missouri, John G. Solomon, the Director of the Division of Mental Retardation, and John Twiehaus, the Superintendent of the St. Louis Developmental Treatment Center. The latter two positions are within divisions of the Department of Mental Health of the State of Missouri.

■ Directors and superintendents of mental health facilities, as public officials, are entitled to official immunity. *State ex rel. Eli Lilly & Co. v. Gaertner,* 619 S.W.2d 761, 764[7–8] (Mo.App.1981). This immunity shields conduct which involves "allegedly negligent administrative policy decisions, i.e., those 'which go to the essence of governing.'" *Id.* at 765[9, 10]. Here, appellant's petition alleges negligent conduct as to administrative policy decisions, namely, the number of employees, screening employees, confinement, employee and patient supervision and the intermingling of em-

ployees and patients. These are discretionary decisions which to go the essence of governing. Accordingly, appellant failed to state a claim against the state officials named in the petition.

Having concluded that no cause of action has been properly stated against any of the respondents, we shall not address appellant's points three through six. Further, we note even if appellant has a cause of action under § 537.600(2) RSMo 1978, punitive damages would not be allowable. Section 537.610.3 RSMo 1978.

Appellant, in her final point, contends the trial court erred in denying her motion to amend the petition in order to bring the cause within the exceptions to sovereign and official immunity. The motion to amend was filed pursuant to Supreme Court Rule 55.33(a) which, in pertinent part, states: "Otherwise, a party may amend his pleading only by leave of court ... and leave shall be freely given when justice so requires." When a motion to dismiss has been granted for failure to state a claim upon which relief can be granted a trial court is correct in refusing to allow amendment of a petition where plaintiff's claim is irrefutably precluded. *Defford v. Zurheide-Hermann, Inc.,* 536 S.W.2d 804, 808[3] (Mo.App.1976). We conclude appellant has failed to state a claim since sovereign and official immunity irrefutably precludes the action and, accordingly, the trial court's denial of the motion to amend the petition is proper.

Affirmed.

STEPHAN and GAERTNER, JJ., concur.