**John W. DREON, Appellant,**

v.

**CITY OF ST. LOUIS MUNICIPAL LIBRARY DISTRICT, Respondent.**

No. 55598.

Missouri Court of Appeals, Eastern District, Division One.

May 16, 1989.

Rehearing Denied June 7, 1989.

Susan K. Roach, William E. Roussin, St. Louis, for appellant.

Stephen D. Hoyne, St. Louis, for respondent.

CRIST, Judge.

John Dreon (plaintiff) appeals the dismissal, on the ground of sovereign immunity, of his petition for damages for personal injuries he sustained when assaulted by an unknown assailant while on the premises of the City of St. Louis Municipal Library District (Library). We affirm.

Plaintiff's petition, as amended, alleged: The Library is located in the City of St. Louis, "in an area having a reputation for a high crime rate and by virtue of said high crime rate this property was in a dangerous condition...." Plaintiff was assaulted by an unknown assailant while on the Library premises as a result of the dangerous condition of the property. This dangerous condition had existed for sufficient time to create a reasonable risk of harm from assault or other criminal activity, and the Library had actual or constructive notice of this high crime rate for sufficient time prior to plaintiff's injuries for the Library to have taken measures to protect patrons from the criminal activity.

Library moved to dismiss plaintiff's petition contending the Library was immune from suit by virtue of sovereign immunity, § 537.600, RSMo 1886, and plaintiff's petition failed to allege any of the specific waivers listed within the statute. The trial court sustained defendant's motion.

On appeal, plaintiff asserts his motion stated a cause of action against Library under the specific waiver to sovereign immunity provided in § 537.600.1(2), RSMo 1986. He further asserts the dismissal of his petition was in error because it precluded him from "establishing" that the conditions fit within the stated waiver of sovereign immunity.

On review of the dismissal of plaintiff's petition for failure to state a claim, we accept as true all facts properly pleaded and all reasonable inferences therefrom. If any set of facts would, if proven, entitle plaintiff to relief, the dismissal of his petition was error. *Madden v. C & K Barbecue Carryout, Inc.*, 758 S.W.2d 59, 61 (Mo. banc 1988). On our review of the petition, we find plaintiff failed to state a claim under the exception to sovereign immunity as stated in § 537.600.1(2), RSMo 1986.

Section 537.600.1 states the immunity of a public entity from liability and suit for compensatory damages for negligent acts or omissions is expressly waived for:

(2) Injuries caused by the condition of a public entity's property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury directly resulted from the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of harm of the kind of injury which was incurred, and that either a negligent or wrongful act or omission of an employee of the public entity within the course of his employment created the dangerous condition or a public entity had actual or constructive notice of the dangerous condition in sufficient time prior to the injury to have taken measures to protect against the dangerous condition....

This court held in *Bates v. State,* 664 S.W.2d 563 (Mo.App.1983) that "[t]he term 'dangerous condition' does not apply to the criminal acts of third persons without an accompanying property defect." *Id.* at 565[4]. Plaintiff contends the failure of the Library to provide security service constitutes a property defect.

We find the cases of *Twente v. Ellis Fischel State Cancer Hospital,* 665 S.W.2d 2 (Mo.App.1983) and *Kanagawa v. State By and Through Freeman,* 685 S.W.2d 831

(Mo. banc 1985) factually similar. In *Twente*, the Western District affirmed the dismissal of that plaintiff's petition seeking damages against the hospital for injuries she sustained as the result of being raped and assaulted on the hospital's parking lot. The court held sovereign immunity was not waived where the hospital had notice there had been rapes and assaults in the area, the hospital hired a security guard as a result of these incidents, and that guard was not at his station at the time of the assault. The court held the term "dangerous condition" was exclusively limited to the physical defects "in, upon, and/or attending to the property of a public entity[,]" and not to other "conditions." *Id.* at 12[2].

This holding was approved by our Supreme Court in *Kanagawa*, where it affirmed the dismissal of that plaintiff's petition asserting waiver of statutory immunity where plaintiff was assaulted by an escaped convict. Plaintiff there alleged prison property was maintained in a dangerous condition in that the prison fences were inadequate to prevent escape, and the prison gates were left unsecured. The court held these allegations did not aver "a defect, through either faulty construction or maintenance, in the condition of the prison's property." *Id.* at 835[5].

In our present case, plaintiff fails to state a claim. Plaintiff's allegation of a lack of security at the Library fails to aver a defect in the physical structure of the property. Plaintiff's petition has effectively only alleged the Library's property "in some remote way presaged the commission of a tort by another party," which is an insufficient condition to constitute a waiver. *Id.* at [4, 5]; *see also Bates v. State*, 664 S.W.2d at 563 (Mo.App.1983). Also, *see Taylor v. Klund*, 739 S.W.2d 592, 593 (Mo. App.1987) (allegation school failed to maintain safe environment and maintained faulty supervision was not dangerous condition when plaintiff was assaulted by two classmates). Plaintiff's petition was properly dismissed because the ultimate facts pled, if proven, would be insufficient to establish an exception to sovereign immunity under § 537.600.1(2), RSMo 1986.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.