The Honorable Douglas E. Long, Jr. Presiding Judge, Circuit Court Twenty-Fifth Judicial Circuit of Missouri Division One 301 Historic 66 East, Suite 318 Waynesville, MO 65583
Dear Judge Long:
You have submitted a question to this office whether members of the Board of County Visitors, who serve with no compensation, may be legally responsible for their actions as Board members. We have interpreted your letter to also ask whether the Board members, if sued for their acts as Board members, are covered by the Legal Expense Fund.
The Board of County Visitors is established by statute. See Sections 221.320- .350 RSMo 1994. The members are appointed by the presiding circuit court judge, or by other judges if determined by local court rule, for terms of three years, whose responsibilities include inspecting all corrective institutions supported by the county and who serve without compensation. Section 221.320 RSMo 1994.
Section 221.340 RSMo establishes the duties of the Board. That statute provides:
It shall be the duty of such board of visitors, by personal visitation or otherwise, to keep themselves fully advised of the conditions and management of all corrective institutions, supported wholly or in part by county or municipal taxation, or which are under county or municipal control, and especially the county jails, almshouses and municipal prisons. They shall examine every department of each institution, and shall ascertain its condition as to effective and economical administration, the cleanliness, discipline and comfort of its inmates and other respects, and at least once in every three months all of said institutions shall be visited by said board or a committee of its members. In case the said board or one of its committees shall find any state of things in any institution, which in their opinion shall be injurious to the county or to the inmates of the institution, or which is contrary to good order and public policy, it shall be their duty to address a memorial to the county commission, or other officials having jurisdiction, in which memorial they shall set forth the facts observed and shall suggest such remedies as in their judgment may be necessary.
The Board is also required to prepare a yearly report under the provisions of Section 221.350 RSMo. It provides:
The board of county visitors each year shall prepare a full report of their proceedings during the year, with such recommendations as they may deem advisable, and shall file the same with the director of the division of family services of the department of social services on or before the first day of November of each year. Whenever the board of county visitors shall present a memorial or report to the county commission or to the judge of the circuit court, they shall, at the same time, transmit a copy of the same to the director of the division of family services and they may at any time call upon him for advice and assistance in the performance of their duties. The director of the division of family services shall furnish each board of county visitors with such stationery, blanks and postage stamps as said board of county visitors may need to make the report prescribed by this section to the division of family services.
The fact that the Board members are not compensated for their work does not, by itself, absolve them of potential liability. It has been stated that one who acts, even though gratuitously, assumes the duty to act carefully. See, e.g., Wolfmeyer v. OtisElevator Co., 262 S.W.2d 18 (Mo. 1953).
However, the duties of the Board of County Visitors as set forth in this statute are duties owed to the public and not to an individual member of the public. In Sherrill v. Wilson,653 S.W.2d 661 (Mo.banc 1983) the court stated that when the duty of a governmental employee is a duty to the public, there is no tort liability for negligence. Sherrill, supra at 669. The Missouri Supreme Court has stated "A public employee may not be held civilly liable for breach of a duty owed to the general public, as distinguished from a duty owed to particular individuals." Greenv. Danison, 738 S.W.2d 861, 866 (Mo.banc 1987). When duties imposed are intended to benefit the government, the public duty doctrine is applicable. State ex rel. Twiehaus v. Adolf,706 S.W.2d 443, 445 (Mo.banc 1986).
We offer no opinion under what circumstances a submissible case may be made against members of the Board of County Visitors, or against the Board itself, in that the question you presented did not specify what type of cause of action was contemplated. In addition to the public duty doctrine the defense of official immunity (immunity for discretionary acts) may be available.Bates v. State, 664 S.W.2d 563 (Mo.App. 1983). If a claim is made against a member of the Board, or the Board itself, however, the Legal Expense Fund is unavailable to whichever defendants may be named.
Section 105.711 RSMo 1999 Supp. created the State Legal Expense Fund (hereinafter LEF) and the categories of individuals covered by that fund are identified in subparagraphs 2, 3 and 4 of its second paragraph. Those individuals include any officer or employee of the State of Missouri or any agency of the state, including elected officials, appointees, members of boards and commissions and members of the national guard, staff of the juvenile division of any judicial circuit and to a variety of health care providers under numerous circumstances not relevant to your inquiry. See Section 105.711.2 RSMo 1999 Supp. Nowhere within the LEF provisions is there coverage for individuals appointed to a board such as the Board of County Visitors.
In Cates v. Webster, 727 S.W.2d 901 (Mo.banc 1987) the question was presented whether bailiffs of circuit courts were entitled to LEF coverage. Bailiffs receive their compensation from the county. As such they are not employees of the state, even though appointed by a state official (e.g., a judge of the judicial circuit), and, therefore, bailiffs are not within the coverage of the LEF. Cates, supra.
This office has stated that county officers who are not state employees are not within the coverage of the LEF. Opinion Number 34-85, a copy of which is attached. By like reasoning members of the Board of County Visitors would not come within the purview of the LEF.
 CONCLUSION
Members of the Board of County Visitors are not immune from liability for their acts as Board members because they are volunteers; however, they have available defenses such as the public duty doctrine and official immunity. Board members are not state officials and are not covered by the provisions of the State Legal Expense Fund.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosure
BOARD OF ALDERMEN: The board of aldermen may review the CITIES, TOWNS AND VILLAGES: contents of a personnel file of FOURTH CLASS CITIES: a city's employee if such is necessary PERSONNEL RECORDS: to care, manage or control the city. The authority may be delegated through resolution or ordinance to one or more members of the board.