**STATE of Missouri, Respondent,**

v.

**John Thomas REDIFER, Appellant.**

**No. WD 65665.**

Missouri Court of Appeals,
Western District.

Dec. 26, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 30, 2007.

Application for Transfer Denied
March 20, 2007.

■

The appellant raises what he designates as one point on appeal. However, he raises what are really two points in that he challenges two rulings of the trial court. Rule 84.04(d),[2] governing proper Points Relied On, provides, in pertinent part: "(1) Where the appellate court reviews the decision of a trial court, *each* point shall: (A) identify the trial court ruling or action that the appellant challenges." (Emphasis added.) The appellant claims that the trial court erred in overruling his pretrial "Motion to Dismiss Due to a Fatally Defective Information." He also claims that the trial court erred in overruling his motions for judgment of acquittal at the close of the State's and all the evidence for failing to make a submissible case as to an essential element of the offense charged.

We reverse.

### Facts

On April 17, 2004, the Moberly Police Department received information that the appellant, for whom there was an outstanding warrant for arrest, was at a residence located at 920 Franklin Street in Moberly, Randolph County, Missouri. At approximately 9:00 p.m., that information was forwarded to Sergeant Russell Tarr. He, along with Officer Theresa White and Captain Farrell Thomas, all of the Moberly Police Department and all in uniform, went to 920 Franklin in three separate marked patrol vehicles with the intent of arresting the appellant on the warrant that was outstanding for his arrest. The warrant had been issued by the Circuit Court of Randolph County on March 11, 2004, and ordered that the appellant be arrested for "failure to appear" on the charges of

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. Woods, Assistant Attorney General, Jefferson City, MO, for respondent.

Nancy A. McKerrow, Assistant State Public Defender, Columbia, MO, for appellant.

Before EDWIN H. SMITH, C.J., and BRECKENRIDGE and SMART, JJ.

EDWIN H. SMITH, Chief Judge.

John T. Redifer appeals the judgment of the Circuit Court of Howard County convicting him, after a jury trial, of resisting arrest, in violation of Section 575.150.[1] As a result of his conviction, he was sentenced to seven years imprisonment in the Missouri Department of Corrections (DOC), to be served consecutively with two prior prison sentences for felony driving while intoxicated (DWI), in violation of Section 577.010, and driving while revoked (DWR), in violation of Section 302.321.

---

1. All statutory references are to RSMo, 2000, unless otherwise indicated.

2. All rule references are to the Missouri Rules of Civil Procedure, 2006, unless otherwise indicated.

DWI and DWR, for which he had already been convicted and sentenced.

Sergeant Tarr and Officer White parked east of the residence and went to the front door, while Captain Thomas parked behind the residence, keeping watch there. Sergeant Tarr knocked on the front door, and after a few seconds, Gena Fuller, who resided at 920 Franklin and whom Sergeant Tarr had known for several years, answered the door. He explained to her that there was a warrant for the appellant's arrest and that he had received information that he might be at her residence. He advised her that he intended to execute the warrant and requested permission to enter to search for the appellant. She gave Sergeant Tarr and Officer White permission to enter. Sergeant Tarr alerted Captain Farrell that they were entering.

Upon entering the residence, Sergeant Tarr ordered Officer White to secure the front door. Sergeant Tarr eventually made his way to the master bedroom. There he observed a young boy sitting on the bed, who, unbeknownst to him, was the appellant's son. Sergeant Tarr noticed that the child was staring at a closet door in the bedroom, leading him to believe that the appellant might be hiding in the closet, which further search revealed that he was.

Sergeant Tarr advised the appellant that there was a warrant for his arrest and ordered him to sit in a chair located near the bed. The appellant exited the closet, but refused to sit in the chair after being ordered to do so several times by Sergeant Tarr. Instead, he walked toward Sergeant Tarr, who ordered him to stop, while backing away from him. In doing so, Sergeant Tarr tripped on a toy that was laying on the floor, which caused him to fall backwards. At that moment, the appellant rushed Sergeant Tarr, striking him in the chest with his right forearm and pushing him into a wall, as he tried to run past

him. Sergeant Tarr was able to grab the back of the appellant's shirt, but it ripped, freeing the appellant.

Having been alerted by Sergeant Tarr as to what was happening, Officer White appeared at the end of the hallway. The appellant ran toward Officer White, with Sergeant Tarr in pursuit. The appellant ran to the end of the hallway and pushed Officer White to the ground. Sergeant Tarr jumped over Officer White and grabbed the appellant. A struggle ensued in the dining room, causing Sergeant Tarr's firearm to be dislodged from its holster and fall to the floor. The appellant freed himself from Sergeant Tarr's grasp and ran toward the front door. However, Sergeant Tarr was able to strike him in the back of the head with his right hand, causing him to fall face first into the living room. The appellant rolled over onto his back and kicked Sergeant Tarr, who was bent over the appellant, twice in the chest. While kicking Sergeant Tarr, the appellant said: "Fuck you. You want to play?" Sergeant Tarr punched the appellant on the right side of his face with his right fist. The appellant struck Sergeant Tarr on his upper right arm/chest area. Believing his hand to be broken from the last punch he threw, and unable to close his fist, Sergeant Tarr struck the appellant with an open hand on the right side of his head. At that point, the appellant said: "I quit. I quit."

Sergeant Tarr and Officer White attempted to handcuff the appellant while he was sitting in a chair in the living room, but he would not cooperate. Captain Thomas then entered the room, and Sergeant Tarr instructed him to mace the appellant. At that point, the appellant finally relented and was taken into custody.

On October 5, 2004, the State filed a felony information in the Circuit Court of

Randolph County, charging the appellant as a prior and persistent offender, pursuant to Sections 558.016 and 557.036, in Count 1 with resisting arrest, in violation of Section 575.150, and in Count 2 with third-degree assault on a law enforcement officer, in violation of Section 565.083. In Count 1, the State alleged, *inter alia:*

> in that on or about April 17, 2004, in the County of Randolph, State of Missouri, Russell Tarr and Teresa White, law enforcement officers, were making an arrest of defendant for driving while intoxicated, and the defendant, knowing that the officers were making an arrest and for the purpose of preventing the officers from effecting the arrest, resisted the arrest of defendant by using or threatening to use violence or physical force.

On October 13, 2004, the appellant filed an application for change of venue, and on January 21, 2005, venue was changed from Randolph County to Howard County. On March 17, 2005, the appellant filed a "Motion to Dismiss Due to a Fatally Defective Information." In his motion, the appellant alleged that the information against him was defective in that it "fail[ed] to state plainly, concisely, and definitely the essential facts constituting the offense charged[.]" It further alleged that while "[t]he information alleges that defendant was resisting the arrest of the felony of driving while intoxicated[,]" he was actually being arrested on a "capias warrant" arising out of his "failure to appear for transportation to the Department of Corrections[,]" and "[r]esisting arrest for a capias warrant does not come under the exceptions that allow a charge for a felony." After a hearing pursuant to a conference call, on March 24, 2005, the appellant's motion to dismiss was overruled.

On March 25, 2005, the State filed its first amended felony information. Count 1 was amended to read: "[L]aw enforcement officers[ ] were making an arrest of defendant for *a warrant for defendant's failure to appear on the felony charge of* driving while intoxicated[.]" (Emphasis added to changes made.) On March 28, 2005, the appellant filed what he denominated as: "Objection to First Amended Information," alleging:

> [T]hat the amended felony information does not meet its burden of accurately charging defendant with felony resisting arrest. The State indicates that defendant was being arrest[ed] for failure to appear under Section 544.665, RSMo. That statute requires that a person fails to appear before "any court or judicial officer." In this case, defendant was required to report to the Randolph County Jail for transportation to the Department of Corrections. The Randolph County Jail does not qualify as a court or judicial officer under Section 565.084.2. Section 575.150, RSMo, requires that a person be resisting an arrest for a felony in order to be charged with the felony of resisting arrest.

After a hearing pursuant to a conference call, on March 28, 2005, his objection or motion was overruled.

The appellant's case proceeded to a jury trial on March 30, 2005. At the close of the State's and all the evidence, the appellant filed written motions for judgment of acquittal, alleging that the State had failed to make a submissible case for resisting arrest, which were overruled. That same day, the jury, after being instructed by the court and deliberating, returned a guilty verdict on Count 1 for felony resisting arrest and a not guilty verdict on Count 2 for third-degree assault on a law enforcement officer.

On April 21, 2005, the appellant filed a "Motion for Judgment of Acquittal,[3] or in the Alternative, Motion for New Trial." On June 24, 2005, his motion was overruled and he was sentenced, as a prior and persistent offender, to seven years imprisonment in the DOC, to be served consecutively with his two prior sentences for DWI and DWR.

This appeal follows.

## I.

As noted, *supra*, the appellant raises what are actually two points on appeal. He claims that the trial court erred in overruling his pretrial "Motion to Dismiss Due to a Fatally Defective Information." He also claims that the trial court erred in overruling his motions for judgment of acquittal at the close of the State's and all the evidence, for failure to prove an essential element of the offense charged. Because the appellant's second claim is dispositive of the appellant's appeal, we address it alone.

The appellant claims, *inter alia*, that the trial court erred in overruling his motions for judgment of acquittal at the close of the State's and all the evidence, for failure to make a submissible case as to an essential element of the offense of which he was convicted, resisting arrest, in violation of Section 575.150.1, because, pursuant to Section 575.150.2, the State failed to show, as required for conviction, that the arrest with which he was convicted of resisting was for a "crime, infraction or ordinance violation." We agree.

 Our review of whether the trial court erred in overruling the appellant's motions for a directed verdict of acquittal at the close of the State's and all the evidence, alleging insufficiency of the evi-

dence to convict, as claimed by the appellant, is set forth in *State v. O'Brien*, 857 S.W.2d 212, 215 (Mo. *banc* 1993):

A challenge to the sufficiency of the evidence to support a finding of guilt is based in the Due Process Clause of the Fourteenth Amendment to the United States Constitution. No person may be deprived of liberty, except upon evidence that is sufficient fairly to support a conclusion that every element of the crime has been established beyond a reasonable doubt. The constitutional sufficiency of the evidence is a question of law to be determined, in the first instance, by the trial court on proper motion by the defendant and again on appeal.

When properly raised by the defendant, the question of sufficiency arises before the case is put to the jury; the challenge is to the "submissibility" of the case. Therefore, any guilty verdict subsequently rendered by the jury is wholly irrelevant to the question of whether the case was sufficient to go to the jury at all. The Court's review is limited to determining whether the evidence is sufficient to persuade any reasonable juror as to each of the elements of the crime, beyond a reasonable doubt. To ensure that the reviewing court does not engage in futile attempts to weigh the evidence or judge the witnesses [sic] credibility, courts employ a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution. Thus, evidence that supports a finding of guilt is taken as true and all logical inferences that support a finding of guilt and that may reasonably be drawn from the evidence are indulged. Conversely, the evidence and any inferences to be drawn

---

**3.** This motion would be correctly denominated as a motion for judgment notwith-standing the verdict, as provided in Rule 72.01(b).

therefrom that do not support a finding of guilt are ignored.

(Internal citations and quotation marks omitted.)

The State charged the appellant by information in the Circuit Court of Randolph County with the class D felony of resisting arrest, in violation of Section 575.150. Section 575.150.1 reads:

A person commits the crime of resisting or interfering with arrest, detention, or stop if, knowing that a law enforcement officer is making an arrest, or attempting to lawfully detain or stop an individual or vehicle, or the person reasonably should know that a law enforcement officer is making an arrest or attempting to lawfully detain or lawfully stop an individual or vehicle, for the purpose of preventing the officer from effecting the arrest, stop, or the detention, the person:

(1) Resists the arrest, stop or detention of such person by using or threatening the use of violence or physical force or by fleeing from such officer; or

(2) Interferes with the arrest, stop or detention of another person by using or threatening the use of violence, physical force or physical interference.

In its first amended information, filed in the Circuit Court of Howard County, the State alleged in Count 1 that the appellant violated Section 575.150:

in that on or about April 17, 2004, in the County of Randolph, State of Missouri, Russell Tarr and Teresa White, law enforcement officers, *were making an arrest of defendant for warrant for defendant's failure to appear on the felony charge of driving while intoxicated,* and the defendant, knowing that the officers

were making an arrest and for the purpose of preventing the officers from effecting the arrest, resisted the arrest of defendant by using or threatening to use violence or physical force.

(Emphasis added.)[4] The appellant contends that, as charged, for the State to make a submissible case on Count 1, it had to prove, *inter alia,* in accordance with Section 575.150.2, that the arrest with which he was charged of resisting, was an arrest for a "crime, infraction or ordinance violation." Section 575.150.2 reads: "This section applies to arrests, stops or detentions with or without warrants and to arrests, stops or detentions for any crime, infraction or ordinance violation." From this, the appellant claims that because the State failed to show that the arrest in question was for a "crime, infraction or ordinance violation," it did not make a submissible case for conviction on Count 1, such that the trial court erred in overruling his motions for a directed verdict of acquittal on that basis.

■ In response to the appellant's claim, the State first contends that Section 575.150.2 does not mandate that the arrest in question had to be for a "crime, infraction or ordinance violation." In that regard, the State contends that Section 575.150.2 "is broader than that in that is [*sic*] also includes 'arrests, stops or detentions, with or without warrants,' and is not limited to 'arrests, stops or detentions for any crime, infraction or ordinance violation.'" In other words, the State is contending that to satisfy the proof requirement of Section 575.150.2, it only had to show that the appellant, at the time in question, was being arrested with or without a warrant, and was not required to show that it was an arrest for a "crime,

---

**4.** The record indicates that the amended information was further amended by interlineation at trial, but the record does not include

that amendment. In any event, neither party speaks to that further amendment as having any bearing on the issue on appeal.

infraction or ordinance violation." In other words, the State is contending that Section 575.150.2 provides for two categories of arrests, the proof of either of which would support a conviction for resisting arrest under Section 575.150.1. The State cites no authority for its position as to its interpretation of Section 575.150.2. And, in fact, the only authority disclosed by our research, as to this issue, is to the contrary. *State v. Johnson*, 741 S.W.2d 70, 72 (Mo.App.1987). In *State v. Johnson*, the court held that, in order to convict for resisting arrest, under Section 575.150, the State has to "prove, as an element of the [offense], that the arrest the defendant is charged with resisting [is] for a crime or ordinance violation." *Id.* For the reasons discussed, *infra*, we agree with that interpretation of Section 575.150.2.

In *State v. Beck*, 167 S.W.3d 767, 781 (Mo.App.2005), this court set out the standard for statutory interpretation:

> Statutory interpretation is purely a question of law, which we determine de novo. When interpreting a statute, we are to determine the intent of the legislature, giving the language used its plain and ordinary meaning, and give effect to that intent, if possible. If the intent of the legislature is clear and unambiguous, giving the language used in the statute its plain and ordinary meaning, then we are bound by that intent and cannot resort to any statutory construction in interpreting the statute.

(Internal citations omitted.) Giving the language of Section 575.150.2 its plain and ordinary meaning, it is clear that the legislature did not intend to create two separate categories of arrests, the proof of either of which would support a conviction of resisting arrest. Our reading makes it clear that the "and to arrests, stops or detentions for any crime, infraction or ordinance violation" language of the statute

does not create two separate category of arrests, as claimed by the State, but simply imposes further limitations on what types of arrests will qualify to support a conviction under Section 575.150.1.

The first part of Section 575.150.2, "applies to arrests, stops or detentions with or without warrants[,]" provides that the arrest can be either with or without a warrant, and the second part, "and to arrests, stops or detentions for any crime, infraction or ordinance violation[,]" mandates that the arrest must be for a "crime, infraction or ordinance violation." Section 575.150.2 has to be read in this manner in that to read it as the State argues for would necessarily require that the arrests described in the first part of the statute be different from those described in the second part. However, that is not possible, given the language used. An arrest, with or without a warrant, would necessarily include any and all arrests. Hence, there could not be a separate category of arrests not described within the first part of the statute such that the only reason for the language in the statute, that the section applies "to arrests, stops or detentions for any crime, infraction or ordinance violation[,]" would clearly demonstrate that the legislature did not intend to create a second category of arrests by that language, but was simply further limiting what arrests qualify under the resisting arrest statute, specifically, that the arrest, with or without a warrant, has to be for a "crime, infraction or ordinance violation." To give the statute the State's interpretation would require us to simply ignore the second part of the statute, which we cannot do in that in interpreting a statute, we are to give meaning to each and every word used. *In re Incorporation of Village of Table Rock*, 201 S.W.3d 543, 547 (Mo.App.2006). We presume that in enacting the statute, the

legislature did not include superfluous language. *Id.*

■ The State contends, in the alternative, that even if we find that to make a submissible case for conviction of the appellant for resisting arrest, in violation of Section 575.150.1, it had to show, *inter alia,* that the arrest with which he was charged of resisting was for a "crime, infraction or ordinance violation," it still made a submissible case in that the evidence demonstrated that he was arrested for the crime of failure to appear, in violation of Section 544.665. In other words, the State contends that the proof element of Section 575.150.2, as we interpret it, *supra,* was satisfied at trial in that there was evidence in the record showing that the arrest, with which the appellant was charged of resisting, was for failure to appear in violation of Section 544.665. However, as we discuss, *infra,* there is nothing in the record to support the State's contention that at the time in question the appellant was being arrested for the separate crime of failure to appear in violation of Section 544.665 such that it did not make a submissible case for resisting arrest in violation of Section 575.150.

Section 544.665 provides that a person who is released upon a recognizance or bond, pursuant to Sections 544.040 to 544.665, or any other provisions of the law, in addition to forfeiting any security given for his release, shall be guilty of the criminal offense of failure to appear if he willfully fails to appear before any court or judicial officer as required. To be charged and convicted of failure to appear under Section 544.665, the State has to prove not only that the defendant did not appear on bond as ordered, but that he "willfully fail[ed] to appear before any court or judi-

cial officer[.]" Section 544.665.1. While we have no quarrel with the State's assertion that the failure to appear in violation of Section 544.665 would constitute a crime, satisfying the proof element mandated by Section 575.150.2 to convict for resisting arrest, there is absolutely nothing in the record demonstrating that the arrest in question here was an arrest for failure to appear on bond, in violation of Section 544.665. Rather, the record clearly demonstrates that the State's theory of the case at trial, on which the case was submitted to the jury in Instruction No. 5, patterned after MAI–CR3d 329.60, was that the appellant, at the time that it was alleged he was resisting arrest, was being arrested for the "failure to appear on the felony offense of driving while intoxicated[.]" The "failure to appear on the felony charge of driving while intoxicated" does not qualify as a violation of Section 544.665 and is not a crime such that an arrest on that basis would not satisfy the proof requirement of Section 575.150.2 in order to make a submissible case for resisting arrest, pursuant to Section 575.150.1. Hence, the jury, as a matter of law, was not presented a submissible case on which it could convict the appellant of resisting arrest, pursuant to Section 575.150.

As to the arrest with which the appellant was charged of resisting, the only evidence in the record was that the appellant was being arrested on an outstanding warrant, State's Exhibit 2, which was offered by the State and admitted in evidence. State's Exhibit 2 reads, in pertinent part:

You are commanded to arrest the above-named defendant who is charged with **Failure to Appear** on the following charges:

| 4741000 | DWI—Alcohol—Persistent Offen | 577.010 RSMO | Felony D |
|---------|------------------------------|--------------|----------|
| 4666200 | DWR (Pts/Fail Submt Chem Test) | 302.321 RSMO | Misd[ ] A |

In instructing the jury on Count 1, resisting arrest, the State's verdict director, Instruction No. 5, instructed the jury, in pertinent part:

> As to Count 1, if you find and believe from the evidence beyond a reasonable doubt ... that Russell Tarr and Teresa White were making an arrest of the defendant for a felony warrant for failure to appear on the felony offense of driving while intoxicated ... then you will find the defendant guilty under Count 1 of resisting arrest.

Thus, the record, when viewed in a light most favorable to the jury's verdict convicting him of resisting arrest, would demonstrate that, at the critical time in question, the appellant was being arrested on a warrant for failing to appear on the charges of "DWI" and "DWR," *not* for failing to appear on bond in violation of Section 544.665, as the State contends on appeal.

With respect to the issue of whether the appellant was being arrested for a crime at the time in question, which the State was required to show in order to make a submissible case for resisting arrest under Section 575.150, the State's sole argument on appeal is that he was being arrested for a violation of Section 544.665, which, as we discuss, *supra*, the record does not support. And, the record does not support the fact that he was being arrested on any other crime, infraction, or ordinance violation.

Admittedly, there is some confusion from the record as to the reason for the appellant's arrest. As we concluded, *supra*, the State's evidence simply shows that he was being arrested for "failure to appear" on the charges of DWI and DWR. However, from the record, it is clear that he had already pled guilty to those offenses on December 4, 2002, and was subsequently sentenced as to both. As to Count 1, he was sentenced to three years in prison, the execution of which was ordered suspended, with the appellant being placed on supervised probation for five years. There is nothing in the transcript of the trial itself to explain why the appellant was being arrested for failure to appear on two offenses of which he had already been convicted and were no longer pending except with respect to the probation he was serving on Count 1. In that regard, however, the appellant asks us to look at his motion to dismiss of June 20, 2003:

> 5. On June 20, 2003, this Court placed defendant on a period of probation for five years for the above offense of felony driving while intoxicated.
>
> 6. On March 3, 2004, this Court revoked the defendant's probation and ordered the balance of the defendant's sentence executed. Defendant was given permission to report to the Randolph County Jail several days later for transportation to the Department of Corrections.
>
> 7. On March 11, 2004, this Court ordered a capias warrant due to defendant's failure to appear for transportation to the Department of Corrections.
>
> 8. Allegedly on April 17, 2004, defendant resisted his arrest on this capias warrant.

Taking the allegations of the appellant's motion as true, it is clear that he was being arrested on April 17, 2004, for failing to appear at the Randolph County Jail to be transported to the DOC after being revoked on his DWI probation and his sentence being ordered executed. However, allegations in a motion are not self-proving, *Baker v. State*, 180 S.W.3d 59, 64 (Mo.App.2005); *State v. Henderson*, 954 S.W.2d 581, 586 (Mo.App.1997), *Bates v.*

*State,* 664 S.W.2d 563, 565 (Mo.App.1983), such that they are not part of the record on which we can rely in deciding this appeal.

■■■ Although we obviously cannot consider the allegations of the appellant's motion to dismiss to demonstrate that his probation on Count 1 had been, in fact, revoked, and there is nothing else in the record to suggest that it had been revoked, the appellant contends that the record does show that at the time in question, he was being arrested for failure to appear on a violation of his DWI probation, as opposed to being arrested for failure to appear on the DWI, pointing to the transcript of the sentencing hearing in this case, in which the prosecutor stated, in pertinent part: "First of all, this incident started because the defendant was on probation. He had committed a probation violation, and *I believe there was a warrant issued for the violation of probation.*" (Emphasis added.) From this, the appellant, citing *State v. Sapp,* 55 S.W.3d 382, 383 (Mo.App.2001), contends that the State did not make a submissible case in that it is well settled that a probation violation is not a crime in any context. As a general proposition: "A violation of the conditions of probation is not a criminal offense, and a proceeding to revoke obviously is not a criminal prosecution within the constitutional provisions." *Id.* (*quoting State v. Brantley,* 353 S.W.2d 793 (Mo.1962)). Thus, logically, an arrest for a probation violation or for failure to appear on a probation violation is not considered a "re-arrest" for the underlying offense of the probation, *id.,* such that the appellant's

arrest for failure to appear on a violation of his DWI probation would not constitute an arrest for a crime for purposes of Section 575.150.2. Hence, even if the law enforcement officers, here, were attempting to arrest the appellant for failing to appear in connection with a violation of his probation as to his prior DWI conviction, it would not constitute an arrest for a crime such that the State would have made a submissible case on that basis for resisting arrest, under Section 575.150. Consequently, the trial court erred in failing to sustain the appellant's motions for a directed verdict of acquittal at the close of the State's and all the evidence for failure to make a submissible case on the issue of whether the arrest in question was for a crime, requiring us to reverse outright. *See State v. O'Brien,* 857 S.W.2d at 221 (holding that double jeopardy prohibits the retrial of a defendant for the same offense where his conviction has been reversed on appeal for insufficient evidence).[5]

## Conclusion

The circuit court's judgment, convicting the appellant of resisting arrest, in violation of Section 575.150, is reversed.

BRECKENRIDGE and SMART, JJ., concur.

---

5. We would note that simply because the arrest in question was not a qualifying arrest for purposes of charging and convicting the appellant of resisting arrest in violation of Section 575.150, the State was still able to proceed against the appellant for his alleged acts of physical violence against the law enforcement officers involved. In that regard, as noted in the facts, the State charged him in Count 2 with assault of a law enforcement officer in the third degree, in violation of Section 565.083, but the jury acquitted him of that charge.